## CIRCUIT COURT OF THE CITY OF RICHMOND

Frank S. Coy

v.

Virginia Employment Commission
and Philip Morris, Inc.

April 23, 1991

Case No. N-7661-1

By JUDGE MELVIN R. HUGHES, JR.

This case is here on a Petition for Judicial Review pursuant to § 60.2-625, Code of Virginia of 1950, as amended. The petitioner, Frank S. Coy (Coy), seeks to have the Court find that the Virginia Employment Commission (Commission) was without basis in denying him unemployment compensation benefits due to misconduct under § 60.2-618.2.

After an evidentiary hearing, the Commission found from the circumstances Coy was involved in theft of his employer's property. The question petitioner raises centers on the propriety of hearsay evidence as the basis for the decision and the consequent inability to confront the witnesses who gave certain statements against him.

The record reveals that petitioner's employer, Philip Morris, determined in an investigation that cigarettes were being taken from the training center, the place where petitioner worked as a floor sweeper. Federal law requires that a federal tax stamp be present on each pack of cigarettes sold to the public. Philip Morris, as permitted by federal law, allows each of its employees to have one pack of tax-free cigarettes each day they work. These cigarettes do not bear the tax stamp but are marked with

a designated control number indicating the place of origin among Philip Morris's many facilities. The investigation revealed that a number of these cigarettes without tax stamps were being sold bearing the control numbers assigned to the training center. The investigation further revealed that a person in possession of these cigarettes identified her supplier as her uncle who in turn identified his supplier as a person named "Frank" who worked at Philip Morris and who lived on the street where he lived. This person signed a statement to this effect on the promise she would not be criminally prosecuted. Company records showed Coy lived on that street. Philip Morris put petitioner under surveillance thereafter, but this did not disclose any incident of theft by him. Later during the investigation, the uncle, upon a promise of immunity from prosecution stated that he lived across the street from petitioner and had been purchasing cartons of cigarettes from Coy usually on Saturdays. He said he would then sell them for a profit. The testimony also revealed that Coy, like others, had access to the areas where cigarettes were stored. These facts were adduced from the testimony of an investigator, two employer representatives, and documentary evidence including an affidavit of the uncle stating he purchased cigarettes from Coy on a promise of immunity. Coy testified and denied any involvement. Coy argues that because the above facts came out at the hearing only through a Philip Morris investigator reporting his findings and on an affidavit of the uncle stating Coy sold him cigarettes, the Commission's decision is based on "unsupported compound hearsay" and on "no corroborative evidence of thefts."

That prohibiting employee theft is a reasonable rule constituting a basis for misconduct is not in dispute here. Certainly the rule protects a legitimate interest of the employer. Employee theft fits within the definition set out in § 60.2-618.2 as explained in the case law. *See, Branch v. Virginia Employment Commission, et al.,* 219 Va. 609 (1978). The basic question in these cases on judicial review is whether the Commission, in deciding as it did, correctly applied the law to the facts. Again, Coy's complaint here is that the Commission decision finds support on hearsay evidence without confronting the persons

making statements inimical to his interest under threat of prosecution and without any direct evidence of theft.

The law does not prohibit hearsay evidence in the conduct of hearings and appeals before the Virginia Employment Commission. *See* § 60.1-65. In *Williams v. Fuqua*, 199 Va. 709, 714 (1958), there is this statement regarding rules of evidence and hearsay in worker's compensation administrative hearings which is applicable to those concerning unemployment compensation as here:

> The Industrial Commission is not governed in its decisions by common law rules of evidence, and we have held that hearsay statements are properly admissible in evidence before it. The Commission has the discretion to give probative weight to hearsay statements in arriving at its findings of fact.

If there is evidence of sufficient weight for the Commission to have found as it did, then the Court has no authority to disturb that finding because the jurisdiction of this Court is limited to questions of law. *Virginia Employment Commission v. Gantt*, 7 Va. App. 631, 615 (1989).

Here, the evidence before the Commission regarding Coy's involvement with the cigarettes is based entirely on hearsay. The record contains non-hearsay evidence, but this part only establishes that unauthorized cigarettes were outside the plant and that unauthorized sales of the cigarettes took place. As to Coy's involvement, non-hearsay only establishes he worked in and had access to the place where the cigarettes came from and that he lived on the same street as his accuser. Without the hearsay, there is nothing showing Coy is tied to bringing out or receiving the cigarettes with guilty knowledge. There should be evidence of probative value apart from hearsay because experience has shown it to be unreliable.

This is not to say that hearsay cannot serve or that an administrative hearing touching on conduct that involves a crime should be as rigorous as a criminal case in court. When hearsay is present, there should be a modicum of first hand evidence and, in this case, a modicum of first hand evidence that Coy is a participant. Before the niece identified her source, there was no connection

made to Coy. The investigator testified that the uncle agreed to identify his supplier on the condition the company would not press for a criminal prosecution against him. The niece signed a written statement stating what she knew on the same condition. These circumstances do not sufficiently exclude the likelihood that convenience prompted both to accuse Coy because of where he lived and where he worked.

Liberality in the application of the rules of evidence in these hearings is no substitute for satisfactory proof of the facts and the weight accorded them. *Johnson-Willis Ltd. v. Kenley*, 6 Va. App. 231 (1988). And while the proceedings are technicality-free, the evidence must be of probative value. *Fox v. Commonwealth*, 207 Va. 701 (1967). There is no non-hearsay evidence sufficient to support the Commission finding in this case. *Baker v. Babcock & Wilcox Co.*, 11 Va. App. 419, 399 S.E.2d 630 (1990).

Accordingly, the decision of the Commission is reversed, and counsel for Coy shall supply an appropriate order carrying this out noting the Commission's exceptions to its entry.