## CIRCUIT COURT OF THE CITY OF RICHMOND

Frank S. Coy

v.

Virginia Employment Commission
and Philip Morris, Inc.

March 30, 1992

Case No. HB-1264-1

BY JUDGE MELVIN R. HUGHES, JR.

Upon the conclusion of the argument in this matter, the Court took the issues under advisement. This is an appeal of a denial of unemployment compensation by the Virginia Employment Commission (the Commission).

The claim was denied on the ground that the petitioner, Coy, did not comply with certain eligibility requirements. Specifically, the Commission found that during the time Coy had appealed an earlier denial of benefits for the same period on other grounds administratively and to this Court, he did not continue to report to a Commission unemployment office and register for work as required by § 60.2–612(5), Code of Virginia of 1950, as amended, and regulations promulgated pursuant thereto. Section 60.2–612(5) provides:

*Benefit eligibility conditions*: — An unemployed individual shall be eligible to receive benefits for any week only if the Commission finds that . . . .

5. He has registered for work and thereafter has continued to report at an employment office in accordance with such regulations as the commission may prescribe. The Commission may, by regulation, waive or alter either or both of the requirements of this subdivision for certain types of cases when it finds that compliance with such require-

ments would be oppressive or would be inconsistent with the purposes of this title.

The regulations pertinent to the issues here are as follows:

VR 300–01–3.1C1 and 2

C. Procedure for worker to follow in filing a claim for benefits.

1. Each claimant shall appear personally at the Commission unemployment insurance office most accessible to him or at a location designated by the Commission and shall there file a claim for benefits setting forth (i) his unemployment and that he claims benefits, (ii) that he is able to work and is available for work, and (iii) such other information as is required. A claim for benefits, when filed, may also constitute the individuals registration for work.

2. Except as otherwise provided in this section, the claimant shall continue to report as directed during a continuous period of unemployment. The Commission, however, for reasons found to constitute good cause of any claimant's inability to continue to report at the office at which he registered and filed his claim for benefits, may permit such claimant to report to any other unemployment insurance office.

VR 300–01–3.1.1C3

3. Late filing of total or part-total claims.

All initial total or part-total unemployment claims shall be effective on the Sunday of the week in which an individual reports to a Commission local office or a location designated by the Commission to file a claim. The only exceptions to the above are:

a. The Commission is at fault due to a representative of the Commission giving inadequate or misleading information to an individual about filing a claim;

b. A previous claim was filed against a wrong liable state;

c. Filing delayed due to circumstances attributable to the Commission;

d. Transitional claim filed within fourteen days from the date the Notice of Exhaustion, Form VEC-B-3(a), was mailed to the claimant by the Commission;

e. When claiming benefits under any special unemployment insurance program, the claimant becomes eligible for regular unemployment insurance when the calendar quarter changes;

f. When the wrong type of claim was taken by a local office;

g. With respect to reopened or additional claims only, when the claimant can show circumstances beyond his control which prevented or prohibited him from reporting earlier.

## VR 300–01–3.1.1C4

4. Late filing of continued total and part-total claims.

An individual shall be deemed to have reported at the proper time if he claims benefit rights within twenty-eight days after the calendar week ending date of his last continued claim filed, or the calendar date on which the initial claim was filed. If the twenty-eighth day falls upon a date when the local unemployment insurance office is closed, the final date for late filing shall be extended to the next day the office is open. Failure to file within the time limit shall automatically suspend the claim series, and the claimant must file an additional or reopened claim in accordance with subdivision C3 of this section in order to begin a new claim series.

## VR 300–01–3.1.1D

D. Work search requirement.

Normally all claimants whose unemployment is total or part-total must make an active search for work by contacting prospective employers in an effort to find work during each week claimed in order to meet the eligibility requirements of § 60.1–612 of the Code of Virginia. A claimant who is temporarily unemployed with an expected return to work date within a reasonable period of time as determined by the commission which can be verified from employer information may be considered attached to his regular employer so as to meet the requirement that he be actively seeking and unable to find suitable work if he performs all suitable work which his regular employer has for him during the week or

weeks claimed while attached. Attachment will end if the claimant does not return to work as scheduled or if changed circumstances indicate he has become separated.

In the earlier appeal, this Court reversed the Commission's denial of Coy's claim for unemployment benefits. In that appeal, the Commission had found that Coy was involved in stealing his employer's property. The Court found that the Commission's denial in that instance for reasons of misconduct leading to termination of employment was without sufficient evidence. *See, Frank S. Coy v. Virginia Employment Commission and Philip Morris, Inc.*, 23 Va. Cir. 428 (1991). Now the Commission has again denied Coy benefits this time on the basis that he did not comply with the above-cited requirements during the time the previous appeal was pending.

The record reflects and Coy does not dispute that he was advised of the work search reporting and registration requirements. The record shows and Coy stated through counsel during argument that he did not seek work and report his efforts to the commission periodically as required because he feared repercussions from his employer if he did so. Apparently, Coy thought, upon a successful appeal on the misconduct issue, he would be entitled to back benefits notwithstanding the requirements. When the Court asked counsel for the Commission what would happen if Coy had been collecting benefits during the pendency of the appeal and it turned out unsuccessful for him, she responded that in that event, Coy would simply have to pay back all the benefits he had received. Coy urges the Court that it would be unjust and unfair to deny him back benefits because (1) he did not collect due to uncertainties in the appeal process, the outcome of which may have gone against him, in which event he would have to return collected monies and because (2) he was operating under an apprehension that his employer might inform prospective employers about his work record or seek to have him criminally prosecuted.

It is reasonable to assume that one in Coy's position would have a right to collect back benefits even though the claim has been denied initially and later reversed on appeal. However, the Commission told Coy the following in its appeal notices which Coy acknowledges: "The claimant should continue to file claims in accordance with instructions given him as long as he is unemployed and feels he is entitled to benefits."

The Court finds these eligibility requirements reasonable and in keeping with law. The Commission did not waive or have any basis to except Coy from them, nor was it ever asked to do so.

Accordingly, the appeal fails and is against Coy and in favor of the Commission.